State v. Carter

---

STATE OF NORTH CAROLINA v. DONNIE E. CARTER

No. 7422SC951

(Filed 19 February 1975)

1. Criminal Law § 169— receiving stolen panty hose — evidence of value — admission not prejudicial

In a prosecution for feloniously receiving stolen goods, any error of the trial court in allowing a witness who allegedly stole the goods to testify concerning their value was cured by the court's allowance of defendant's motion to strike the testimony and by the court's emphatic instruction to the jury not to consider it in any way.

2. Criminal Law § 87; Witnesses § 1— list of State's witnesses — testimony from witness not listed

Defendant was not legally prejudiced merely because the State offered a witness not found on the list previously furnished by the district attorney to the defendant.

State v. Carter

APPEAL by defendant from *Winner, Judge.* Judgment entered 7 August 1974 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 23 January 1975.

Defendant was charged with feloniously receiving stolen goods. He was found guilty as charged, judgment of imprisonment for a term of eight months was entered, and work release was recommended.

The State's evidence tended to show that one Charles W. Perrell, Jr., stole four cartons (five boxes of one dozen panty hose each to the carton) of panty hose. Perrell delivered the four cartons to defendant's home and asked defendant if he wanted some panty hose. Perrell told defendant to sell them and to give Perrell half of whatever defendant could get for them. A couple of days later defendant gave Perrell $40.00 or $50.00. The defendant turned over to the investigating officer two boxes of one dozen each which he had remaining at the time of the investigation. Testimony for the State tended to establish the total wholesale value of the four cartons of panty hose at $370.90.

Defendant offered no evidence.

*Attorney General Edmisten, by Assistant Attorneys General William F. Briley and Thomas B. Wood, for the State.*

*Barnes & Grimes, by Jerry B. Grimes, for the defendant.*

BROCK, Chief Judge.

[1] Defendant assigns as error that the court permitted the witness Perrell to testify concerning the value of the four cartons of panty hose. The court allowed defendant's motion to strike the testimony complained of and emphatically instructed the jury not to consider it in any way. If there were error in the admission of the testimony, it was cured by the court's ruling on the motion to strike and by the instructions to the jury.

[2] Defendant assigns as error that the State was permitted to offer the testimony of the witness Prevette, who was not included on the list of the State's witnesses furnished by the district attorney to defendant. There is no statute in this State which requires the State to furnish a defendant in a criminal case with a list of prospective witnesses for the State. Absent a statute, an order to furnish such a list is within the discretion

of the trial court. *State v. Hoffman*, 281 N.C. 727, 190 S.E. 2d 842 (1972); *State v. Chavis*, 24 N.C. App. 148, 196, 210 S.E. 2d 555, 584 (1974). Defendant does not suggest the violation of an order of the court to supply him with a list of witnesses. The defendant was not legally prejudiced merely because the State offered a witness not found on the list previously furnished by the district attorney to the defendant. "Prejudicial surprise results from events 'not reasonably to be anticipated or perhaps testimony contrary to a prior understanding between the parties or something resulting from fraud or deception.' " *State v. Hoffman, supra* at 735. Defendant has failed to show such prejudicial surprise. We note that the testimony of the witness Prevette was directed only to the value of the four cartons of panty hose. Defendant made no objection to the competency or relevancy of the testimony. This assignment of error is overruled.

Defendant has brought forward additional assignments of error. Some are directed to the admission or exclusion of evidence, some are directed to the court's instructions to the jury, and some are directed to the rendering and taking of the verdict. We do not view any of these as requiring a discussion. They are overruled.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges BRITT and CLARK concur.